(10 Misc. Rep. 448.)

### AHRHART et al. v. STARK.

(Superior Court of Buffalo, Special Term. December, 1894.)

TRIAL—SETTING ASIDE VERDICT—MISCONDUCT OF JURORS.

    A verdict will not be set aside for misconduct of jurors, where the moving party knew all the facts, but remained silent until the verdict was rendered against him.

Action by Charles A. Ahrhart and others against Hannah Stark. A verdict was rendered in favor of defendant, and plaintiffs move to set the same aside on the ground of misconduct of the jurors. Denied.

George L. Kingston, for plaintiffs.
H. D. Williams, for defendant.

TITUS, C. J. This action was tried at the September trial term, before me, with a jury, and a verdict was rendered in favor of the de-

fendant. The jury was impaneled just before the adjournment of court, at night, but no testimony was taken until the following morning. The plaintiff moved to set aside the verdict on the ground of the misconduct and bias of two of the jurors. It appears from the moving affidavits that after the court adjourned the defendant's counsel, in company with the plaintiff's counsel, were passing out of the east vestibule of the city building, when one of the jurors in the case called the defendant's attorney one side, and told him that another juror on the panel had said that "he knew the defendant, and had no use for her," and that they thought the defendant's counsel ought to know of that fact." Nothing further was said by them, but the defendant's counsel replied that he would lay the matter before the judge. He saw the judge as he was leaving, and presented the matter to him, and was advised to see the plaintiff's counsel, and tell him the situation, and he probably would consent to the juror being excused. It appears that this was done, and when the court convened on the following morning the objectionable juror was excused, and another drawn in his place. The trial of the case then proceeded, and resulted in a verdict in favor of the defendant. It is not claimed that the plaintiff's counsel was not put in possession of all the facts, as here related, before the trial, or that any new fact has come to his knowledge since. The court was not asked to set aside either juror, Ward or Rotong, for bias or prejudice, before the trial; and the plaintiff, without objection, proceeded with the trial, with a full knowledge of all that had occurred.

It does not seem to me that the verdict can be set aside on the ground that there has been any misconduct on the part of a juror, or that he has in any way been influenced in his verdict by what occurred. And, if I am correct in that conclusion, I would not be justified in interfering by setting aside the verdict. Hager v. Hager, 38 Barb. 100.

Another sufficient reason why this motion should not prevail is that the plaintiff, having full knowledge of all the facts and circumstances connected with the transaction, remains silent until after the verdict is rendered against him; and it is now too late to ask that it be set aside for a cause which existed at the time the jury was impaneled, and which was well known to the plaintiff. If a party intends to ask the court to interfere with the verdict of the jury, he must act at once, upon the information he has, and not wait until the case has been decided against him. Ayres v. Village of Hammondsport, 11 N. Y. St. Rep. 706; Gale v. Railroad Co., 13 Hun, 1. The motion to set aside the verdict must therefore be denied. Motion denied.